Jermaine Ronnie SALMON, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 11–3796.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) June 15, 2012.

Opinion filed: June 18, 2012.

Jermaine Ronnie Salmon, Newark, NJ, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., John M. McAdams, Jr., Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: JORDAN, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Salmon petitions for review of the Board of Immigration Appeals' ("BIA") August 11, 2011 order upholding the decision of the Immigration Judge denying Salmon's request for a continuance of his removal proceedings while he pursued post-conviction relief and ordering Salmon removed to Jamaica. The Government filed a motion to dismiss, arguing that the petition for review was not timely filed. On March 30, 2012, the BIA sua sponte reopened Salmon's appeal pursuant to 8 C.F.R. § 1003.2(a). The Government now seeks leave to withdraw its original motion to dismiss, but moves for dismissal on the ground that there is no longer a final order of removal over which this Court has jurisdiction. We will grant the motion to dismiss for lack of a final order, as well as the motion to withdraw the first motion to dismiss.

This Court's jurisdiction is limited to final orders of removal. See 8 U.S.C. § 1252(a)(1); *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir.2002). While an agency order may satisfy the finality requirement at the time the petition for review is filed, subsequent administrative proceedings can affect finality, thereby eliminating a Court of Appeals' jurisdiction. In particular, "the grant[ing] of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings." *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir.2004). Because the BIA has reopened Salmon's immigration proceedings, there is no longer a final order of removal, and we therefore lack jurisdiction to entertain his petition for review.

Accordingly, we will grant the Government's April 19, 2012 motion to dismiss for lack of jurisdiction, as well as the Government's motion to withdraw its first motion to dismiss. Salmon's "Motion to Request this Court to Entertain Petitioner's Supplemental Brief," filed on January 23, 2012, is denied as unnecessary.